# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RONIER ROBERT KENNEDY | : | NO. 07-38-06 |

## AMENDED MEMORANDUM RE: MOTION TO WITHDRAW PLEA

**Baylson, J.** May 11, 2011

In this case, charging the Defendant, Ronier Robert Kennedy, with participation in a drug trafficking conspiracy and other charges, the Defendant entered a guilty plea on February 2, 2011 to Count 1 of the Second Superceding Indictment pursuant to a plea agreement under Fed R. Crim. P. 11(c)(1)(C). Before accepting the plea, the Court gave a thorough colloquy to Defendant, advising him of the consequences of pleading guilty, and specifically, once having plead guilty, he would have no unilateral right to withdraw the guilty plea.

The plea agreement for Defendant Kennedy is slightly different from the other Defendants because he secured an agreement from the government that gave him the right to withdraw his guilty plea if the Court refused to impose the agreed-upon sentence of 180 months imprisonment, five years of supervised release, and a $100 special assessment. The provisional plea agreement was signed pursuant to F. R. Crim. P. 11(c)(1)(C) .

Based on the Defendant's perception as a result of five other Defendants accused of the same conspiracy having gone to trial and having been acquitted of conspiracy, (although four of these Defendants were convicted of very serious other substantive drug trafficking charges),

Defendant Kennedy filed a Motion to Withdraw Guilty Plea on April 4, 2011 (ECF No. 698). Defendant contended that the fair and just reason for the Court to permit him to withdraw his plea was that the jury determined that no conspiracy existed and acquitted the defendants at trial of that charge.

The Court held a hearing with Defendant Kennedy and his counsel on April 20, 2011. At that hearing, defense counsel represented to the Court that Defendant Kennedy claimed factual innocence and wished to testify. The Court expressed concern about Defendant's desire to testify as to his factual innocence, because Defendant was under oath at the time of his plea and clearly admitted as part of the plea colloquy the facts as summarized by the Government. The Court explained that the trial of five of Defendant's co-defendants was very contested. The Government introduced evidence from many witnesses, including many co-conspirators who testified to and admitted their participation in the Cut-off drug trafficking organization. On cross-examination, a number of the co-conspirators gave testimony that cast some doubt on some elements of the conspiracy charge, including that members functioned on their own and did not share profits. Counsel for defendants at trial argued to the jury that this testimony was inconsistent with the charge of conspiracy.

However, the Court has concluded that the evidence presented by the Government at trial was sufficient to find each defendant guilty of conspiracy. Furthermore, although one defendant at trial was only charged with conspiracy, the other four defendants were convicted of very serious substantive counts with mandatory minimum sentences and no benefit of a plea agreement. At the April 20 hearing, the Court instructed Defendant to think carefully about whether he wanted to testify and endanger a sentence based on his plea agreement. The Court

explained that if Defendant took the stand and denied the very facts which he admitted in his plea agreement, the Court could find that Defendant violated his plea agreement, and refuse to allow him to withdraw the plea, or could exercise its discretion to treat the plea as an open plea.

The Court did not make a ruling at the hearing, but allowed defense counsel to file a supplemental brief to determine whether Defendant Kennedy wanted to offer testimony in support of his Motion to Withdraw Guilty Plea. Defendant filed a supplemental brief on April 22, 2011 (ECF No. 720), in which he declined to offer such testimony and presented no other evidence of his innocence.

**I.     Legal Standard**

Once the district court accepts a defendant's guilty plea, the defendant may not withdraw the plea at his whim. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). After the court accepts the plea, but before sentencing, the defendant may only withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the "substantial" burden of establishing a "fair and just" reason for the withdrawal of the guilty plea. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citing United States v. Hyde, 520 U.S. 670, 676-77 (1997); United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998)).

In evaluating a motion to withdraw a guilty plea, the district court must "consider whether: (1) the defendant 'asserts his innocence;' (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal." United States v. King, 604 F.3d 125, 139 (3d Cir. 2010), cert. denied, 131 S. Ct. 1467 (2011) (citing United States v. Martinez, 785 F.2d 111, 114 (3d Cir. 1986)). To raise a claim of legal

innocence, a defendant must "assert[] his or her factual innocence," support the assertion of innocence with "facts in the record that support a claimed defense," and "give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea." Brown, 250 F.3d at 818 (citations omitted). The court may consider the weight, credibility, and good faith of the defendant's assertion of innocence in evaluating the strength of the defendant's reason for withdrawal. Gov't of V.I. v. Berry, 631 F.2d 214, 220 (3d Cir. 1980) (citing United States v. Washington, 341 F.2d 277, 281 (3d Cir. 1965)).

In Berry, the defendant moved to withdraw his plea of guilty on a second-degree murder charge after his co-defendant was acquitted at trial, on the grounds that Berry had a misimpression that the co-defendant would testify against him at the trial, but the co-defendant did not take the stand. Id. at 221. The Third Circuit affirmed the district court's denial of the motion to withdraw the plea, explaining that a "tactical error" in calculating whether to enter a plea agreement was not a basis for withdrawal. Id. The court acknowledged that entering "'[a] guilty plea frequently involves the making of difficult judgments,'" and explained that permitting withdrawal after a co-defendant's acquittal would reduce the plea agreement to "'a temporary and meaningless formality reversible at the defendant's whim.'" Id. (quoting United States v. Barker, 514 F.2d 208, 221 (D.C. Cir. 1975) (en banc)). Moreover, the Third Circuit agreed with the district court that the fact a jury had acquitted Berry's co-defendant did not support Berry's assertion of actual innocence, because there could be other reasons for the acquittal. Id. at 220.

## II. Discussion

In this case, the Defendant has not presented any persuasive reasons as to why he should

be allowed to withdraw his guilty plea, and the Court does not believe it would be fair or just for the Defendant to do so in that he has fully admitted his guilt to wide-ranging and serious drug trafficking charges. The Court is prepared to sentence the Defendant in accordance with the plea agreement.

The verdict in the jury trial does not in any way establish that there was no conspiracy, only that the jury found the government did not prove a conspiracy against these five other Defendants beyond a reasonable doubt. Having presided over the jury trial in which the Defendants were acquitted of conspiracy, this Court will note that the evidence introduced by the government was clearly sufficient to establish the requisite elements of conspiracy, even though the jury acquitted the Defendants. There was substantial evidence that there had been an agreement among many members of the "cutoff" drug trafficking organization operating in Chester, Pennsylvania to distribute drugs and a great deal of evidence of numerous drug transactions engaged in by those members. The verdict of the jury could well have been a compromise because although all five Defendants were acquitted of conspiracy, four of the five Defendants were convicted of very serious substantive crimes carrying numerous mandatory minimum sentences. The fifth Defendant was only charged with conspiracy. See Dunn v. United States, 284 U.S. 390, 394 (1932) (acknowledging that a jury verdict of acquittal may be the result of jury compromise).
Because many of his co-defendants also pled guilty to conspiracy, Defendant cannot contend that his conviction is precluded by the acquittal of all his alleged co-conspirators. Cf. United States v. Bruno, 333 F. Supp. 570, 577 (E.D. Pa. 1971) (granting motion to dismiss conspiracy count of an indictment after all of the defendant's alleged co-conspirators were acquitted of conspiracy).

Defendant has not proffered any specific facts from the record to support his claims of actual innocence, nor has he provided the Court with a legally cognizable theory in support of his assertion of innocence. Defendant's change of heart, following the jury verdict as to his co-defendants, is insufficient to satisfy his burden. The record reflects that the Government and Defendant entered into the plea agreement after extensive negotiations. The Court accepted the plea agreement after a detailed and lengthy colloquy, at which the Court reviewed the agreement with Defendant. Defendant testified that he understood he was agreeing to plead guilty to the conspiracy charge alleged in the indictment. (Tr. of Change of Plea Hearing, 2/2/11, at 17.) When asked why he wanted to plead guilty, Defendant responded, "Because I'm guilty, sir." Id. at 23. The Government stated for the record the facts that it believed it would prove at trial with respect to Defendant Kennedy's participation in the Cut-off organization, and Defendant admitted those facts. Id. at 32-33. The Court accepted the plea after finding that Defendant was "alert, competent, and capable of entering in the formed plea, that it's a knowing and voluntary plea supported by an independent basis of fact containing each of the essential elements of the offenses pled to." Id. at 33-34.

Upon receiving information that the Defendant declines to offer testimony in support of his Motion to Withdraw Guilty Plea, and the Court finding that Defendant Kennedy has not established any good reason for his Motion to Withdraw Guilty Plea, the Motion shall be denied.

An appropriate Order follows.

O:\Criminal Cases\07-38-06 Kennedy, US v\Kennedy Memo Mot Withdraw Plea.wpd